**FROHN, Appellee, v. CENTRAL TRUST CO., Appellant.**

Ohio Appeals, First District, Hamilton County

No. 6707—Decided November 18, 1946

Charles C. Boyle, Cincinnati, for appellee.

Philip & S. C. Roettinger, Cincinnati, and Paxton & Seasongood, Cincinnati, for appellant.

## OPINION

**PER CURIAM:**

This is an appeal on questions of law and fact. The case is presented to this Court upon the pleadings and evidence considered by the trial court. A deposition is also presented here. The evidence is received here under stipulation.

The action was brought by plaintiff to recover upon a written instrument, which she claims constitutes a contract with the defendant, by which it agreed to sell her certain real estate for a certain sum. The defendant claims that the instrument was an offer to purchase said real estate made by plaintiff which the defendant never accepted.

The evidence as to what occurred at the time the instrument was executed and thereafter is in the most acute conflict. It is undisputed, however, that the instrument was presented by the plaintiff, is in the form and terms as contained in the exhibit offered in evidence, that a check for $100.00 was presented to the defendant with the instrument, that this check was never cashed by defendant and was returned to

plaintiff with a letter stating her offer was refused.

The testimony of the plaintiff and her husband being in direct conflict with the testimony of the agent of defendant, this Court turns to the instrument itself in order that it may determine whether the plaintiff has sustained the burden of proof resting upon her. This Court has no means of passing upon the credibility of any of the witnesses other than reference to the cold words of the record. The testimony of the witnesses, however, is to be considered in the light of the undisputed facts.

In passing, it is the conclusion of the Court that the deposition containing the testimony of a witness who testified merely to certain customs and usages of the Real Estate Board is inadmissible, no showing being made that the plaintiff was familiar with such customs and usages.

Reference to the written instrument constituting the basis of this action shows certain important things.

The pertinent portion thereof is as follows:

"I/we hereby deposit One Hundred Dollars ($100.00) as above provided with The Central Trust Company, as agent for the seller, to apply on the purchase price which is to be retained by the agent until the terms of this contract have been complied with. Said payment to be refunded if offer is not accepted or if title to said Real Estate is not as above set forth.

"This offer is to remain open for acceptance until 8th day of February, 1946, midnight.

"WITNESS: JETHRO MITCHELL     MRS. JOHN E. FROHN

"(Name of Broker of Cooperating Broker) ____ Ohio,      ,19

"I/we hereby accept the above proposition

"WITNESS:                         The Central Trust Company

Per:

"I/we hereby acknowledge receipt of One Hundred Dollars ($100.00) payment as above provided.

THE CENTRAL TRUST COMPANY

(Name of Broker)

By JETHRO MITCHELL"

Note the statement:—"This offer is to remain open for acceptance until 8th day of February, 1946, midnight."

It is the contention of the plaintiff that the offer was accepted instanter by the defendant. If this is true, why the later date for "acceptance?" An instrument may be validated by a party thereto in any manner which will indicate an intention to be bound thereby; constituting a signing within the statute of frauds. It may be signed with a pen or a

typewriter, if the intention is to sign it.

It is apparent also that the intermediate name of the defendant accompanied by the word "per" followed by a blank, indicates also that some agent's signature was required to validate the signature. This signature was, therefore, incomplete, and was intended by defendant to be so and was ineffective to constitute a signature validating the acceptance of plaintiff's offer.

An additional point strengthens the conclusion of the Court in finding against the contention of the plaintiff. A check accompanied tender of the offer. This check was never cashed or deposited to the credit of the defendant, but was returned by it to the plaintiff. Why should the defendant, knowing it had executed a contract to sell the property, delay in accepting the $100 of plaintiff covered by the check? It must be concluded that the signature of defendant at the bottom of the instrument was limited in application merely to an acknowledgment of receipt of the deposit of $100.00 earnest money. It is to be noted in this connection that this last signature is placed above the typed words "(Name of the Broker)" while the incorporated signature above is directly connected with the acceptance clause and is to be validated by some officer of the defendant, as indicated by the word "Per" followed by a blank.

The Court finds, therefore, that the offer of plaintiff was never accepted by defendant and that there was, therefore, no contract of purchase binding upon the defendant. The petition is, therefore, dismissed.

HILDEBRANT, PJ, MATTHEWS and ROSS, JJ, concur.