### O'LEARY, Plaintiff-Appellee, v. BURNETT, Defendant-Appellant.

Ohio Appeals, Second District, Montgomery County.

No. 2040. Decided January 12, 1950.

Paul H. Blum, Dayton, for plaintiff-appellee.

Howard H. Durst, Eugene B. Bacher, Dayton, for defendant-appellant.

## OPINION

By THE COURT:

Submitted on motion of plaintiff-appellee to remand the bill of exceptions to the trial court for correction. The motion is made under §11572-a GC, which provides:

"When justice requires it, upon notice to all parties, an omission in a bill of exceptions, occurring through accident or error, may be corrected by the reviewing court, or it may be remanded to the trial court for such correction."

Under this section an omission in a bill of exceptions may be corrected which occurs through accident or error. The motion itself does not state that the omission occurred through accident or error. In a memorandum attached to the motion counsel for plaintiff-appellee claims that the bill of exceptions did not include a letter written by the defendant-appellant, and that the omission was due to the accident of not formally introducing the letter into evidence. Thus, it appears that the omission did not occur through accident or error in the preparation of the bill of exceptions but in the failure to introduce the letter into evidence as an exhibit at the trial. The plaintiff-appellee does not claim that the bill of exceptions fails to show the true facts as they transpired at the trial. Sec. 11572-a GC, permits an omission in a bill of exceptions to be corrected only when the omission occurs through accident or error in the preparation of the bill of exceptions. Counsel for plaintiff-appellee in the instant case is seeking an order correcting the bill of exceptions by incorporating a letter as an exhibit which was never introduced at the trial. This is not permitted under the law. **Elser v. Parke, 142 Oh St 261**, 51 N. E. (2d) 711; **State v. Caldwell, 29 O. O. 48**, 55 N. E. (2d) 865, appeal dismissed, **143 Oh St 563.**

The motion in this case was made after the opinion was announced. The plaintiff's action was predicated on a contract which was not to be performed within one year, and the principal question involved was whether the different exhibits submitted, consisting of several memoranda, con-

stituted a written instrument signed by the person sought· to be charged. The letter which plaintiff-appellee wishes to· make a part of the record is as follows:

"January 1, 1936

Mrs. W. J. O'Leary
Dear Mrs. O'Leary
    Please send receipt and return in address envelope.
                                Thanking you, very truly,
                                        H. L. Burnett
    Wishing you and yours a Happy New Year."

We fail to see where this letter, if introduced, would· strengthen the position of plaintiff-appellee. It is well. settled that a motion to correct a bill of exceptions will. be denied where the correction of the bill would not result in a different conclusion from the one already announced.. **Ekleberry v. Sanford, 73 Oh Ap 571, 576, 57 N. E. (2d) 270; Hawke v. Roberts and Hall, 13 Oh Ap 198,** motion to certify overruled, **18 O. L. R. 287.** The letter in question, if made a part of the bill of exceptions, would not result in a different conclusion than that heretofore announced.
Motion overruled.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.

### ON MOTION TO CERTIFY RECORD

No. 2040.   Decided January 27, 1950.

By THE COURT:
    Submitted on motion by plaintiff-appellee to certify the record of this case to the Supreme Court for review on the ground that the judgment of this Court is in conflict with the judgment of the First District Court of Appeals in **Frohn v. Central Trust Company, 47 Abs 341, 72 N. E. (2d) 303.**
    We find no conflict between the judgment of this Court and the judgment of the First District Court of Appeals in the case cited.
Motion overruled.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.