THE STATE OF OHIO, APPELLEE, *v.* WEED, APPELLANT,

(No. 5181—Decided October 22, 1954.)

Mr. *Frank H. Kearns,* prosecuting attorney, and *Mr. Joseph Poorman,* for appellee.
Mr. *R. Brooke Alloway,* for appellant.

WISEMAN, P. J. This cause has been submitted on motion of defendant, appellant herein, for an order remanding the bill of exceptions upon the suggestion of diminution of the record.

Defendant, appellant herein, claims he is entitled to an order of remand under Section 2321.14, Revised Code, formerly Section 11572*a*, General Code, which provides:

"When justice requires it, upon notice to all parties, an omission in a bill of exceptions, occurring through accident or error, may be corrected by the reviewing court, or it may be remanded to the trial court for such correction."

Under this section of the Code the reviewing court may order the bill corrected, or remand the bill to the trial court, only when the omission has occurred "through accident or error." *O'Leary, Exr.,* v. *Burnett,* 87 Ohio App., 368, 95 N. E. (2d), 267. In the case at bar it is conceded that the omission did not occur through accident, but it is contended that it occurred through "error." Was the omission an "error" within the provision of this section?

The defendant was indicted on four counts. The first three counts were under Section 3743.25, Revised Code. The fourth count was under Section 2909.01, Revised Code. Upon defendant's plea of guilty to the indictment, the court suspended imposition of sentence and directed the probation department to make a report, which was done. The report was presented to the trial court before sentence was pronounced on

August 13, 1954. After sentence, the defendant filed a motion for new trial and an application for stay of execution, which were overruled, in open court on August 18, 1954. On August 19, 1954, defendant filed his notice of appeal and on August 24, 1954, he filed a motion requesting the court to direct the court reporter to include in the bill of exceptions a copy of the report of the probation department. This motion was overruled.

If the defendant had a legal right to have the report made a part of the bill, it was an error of law to overrule the motion. We do not believe that the word "error" in Section 2321.14, Revised Code, refers to such errors of law. In our opinion the appellant is not entitled to a correction of the bill, or to an order to remand under the provisions of this section.

In the absence of any statutory right, should this court, in the exercise of a sound discretion, order the bill remanded to the trial court for the purpose of making the report of the probation department a part of the bill? This court is rather liberal in exercising its authority to remand the bill upon representation that it does not contain the entire record. In the instant case it is claimed that the report of the probation department is a part of the record and should be made a part of the bill. The report of the probation department was made and submitted under the provisions of Section 2947.06, Revised Code, formerly Section 13451-2, General Code, which provides as follows:

"The trial court may hear testimony of mitigation of a sentence at the term of conviction or plea, or at the next term. The prosecuting attorney may offer testimony on behalf of the state, to give the court a true understanding of the case. The court shall determine whether sentence ought immediately to be imposed or the defendant placed on probation. The

court of its own motion may direct the department of probation of the county wherein the defendant resides, or its own regular probation officer, to make such inquiries and reports as the court requires concerning the defendant. The court may appoint not more than two psychologists or psychiatrists who shall make such reports concerning the defendant as the court requires for the purpose of determining the disposition of the case. Each such psychologist or psychiatrist shall receive a fee to be fixed by the court and taxed in the costs of the case. *Such reports shall be made in writing in open court, in the presence of the defendant, except in misdemeanor cases in which sentence may be pronounced in the absence of the defendant. A copy of each such report shall be furnished to the defendant, if present, who may examine the persons making the same, under oath, as to any matter or thing contained therein.*" (Emphasis ours.)

In the case at bar it appears that the report was submitted to the trial court but that nothing more was done with it. No testimony concerning the report or its contents was taken, nor was there any attempt made by the defendant to introduce the report into evidence. Under the facts in this case the report is no part of the record.

The provisions of Section 2317.39, Revised Code, formerly Section 11521-1, General Code, which appears in the chapter on evidence, have no application here, as that section refers to reports concerning the merits of a cause before judgment.

The motion of defendant for an order to remand the bill is overruled.

*Motion overruled.*

MILLER and HORNBECK, JJ., concur.