BURNSIDE, APPELLEE, *v.* THE CINCINNATI STREET RY. CO., APPELLANT.

(No. 7703—Decided February 24, 1953.)

*Mr. Robert F. Dreidame,* for appellee.
*Mr. Leo J. Brumleve, Jr.,* for appellant.

Ross, J. The facts are stated in the syllabus.

There was no appeal from the action taken by the trial court upon the exceptions to the bill of exceptions, nor is there anything other than the statement of counsel in the briefs and oral argument to show what such

action was and what occurred upon the hearing of such exceptions.

The trial resulted in a disagreement of the jury, and the appeal here upon questions of law is predicated upon the overruling by the trial court of motions for judgment for the defendant as a matter of law.

The defendant bases his claim for diminution of the record upon the theory that the plat upon the blackboard was drawn by counsel for plaintiff; that plaintiff constantly referred to same in his testimony; that the plat was referred to by counsel for plaintiff and defendant in argument; that the jury considered it during the trial; that such plat was thus incorporated automatically by reference as a part of the evidence in the case; and that it was, therefore, not necessary to formally offer the same in evidence in order to have it included in the bill of exceptions.

On the other hand, it is apparent that defendant had the right to offer the blackboard in evidence at the conclusion of all the evidence and to substitute a photograph thereof, and if he had done that the court would have committed error had it excluded the photograph from the bill of exceptions, it appearing that the same was a correct duplication of the drawing and *necessary* to an intelligent understanding of the testimony of a witness.

This matter is discussed in an annotation found in 9 A. L. R. (2d), 1044, 1124, but no support for defendant's position is found therein.

This court considered the use of a blackboard during a trial in *Cincinnati Street Ry. Co.* v. *Waterman,* 50 Ohio App., 380, 198 N. E., 494, but the instant question was not there presented.

In *O'Leary, Exr.,* v. *Burnett,* 87 Ohio App., 368, 95 N. E. (2d), 267, it was held that the provisions of Section 11572-*a*, General Code, may not be used to correct a bill of exceptions where the correction sought is to

remedy a defect in such bill of exceptions, which was due to a mere failure of counsel to present the omitted matter to the court for admission in evidence. The case of *Elser* v. *Parke,* 142 Ohio St., 261, 51 N. E. (2d), 711, was cited by the court in that case as supporting authority for its conclusions therein.

The facts as presented by the defendant in this case show only that he failed to avail himself of an action which would have rendered his present application unnecessary.

The claim that there was an automatic introduction of the plat in evidence simply because it was referred to in the testimony and the arguments cannot be sustained.

The defendant has not brought himself within the provisions of Section 11572-*a,* General Code, and his application for diminution of the record must be denied.

*Application denied.*

MATTHEWS, P. J., Ross and HILDEBRANT, JJ., concur.