DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, Continental Casualty Company and Transportation Insurance Company, appeal the decision of the Summit County Court of Common Pleas, which awarded judgment to appellee, Mary Walter. For the reasons that follow, this Court dismisses the appeal for lack of a final, appealable order.
 I. {¶ 2} Mary Walter alleged that she was injured on June 6, 2002, when a vehicle operated by Karla Graebner turned into her lane of travel and struck the vehicle she was driving. Appellee and her husband received $50,000 from Geico Insurance Company, Graebner's insurance carrier. Appellee and her husband Richard filed a declaratory action against Allstate Insurance Company ("Allstate"), CNA Commercial Insurance,[1] and Transportation Insurance Company ("Transportation"), seeking uninsured motorist coverage benefits for the accident.
 {¶ 3} Continental Casualty Company ("Continental") filed a motion for summary judgment. The Walters and Allstate filed cross motions for summary judgment against Continental. The trial court granted the motions for summary judgment against Continental and denied Continental's motion for summary judgment. Continental and Transportation moved the trial court to reconsider its decision. The trial court denied the motion to reconsider. The matter proceeded to a jury trial. The jury returned a verdict in favor of appellee on her claim and in favor of Allstate, Continental, and Transportation on Mr. Walter's claim. In an entry journalized on May 14, 2003, the trial court entered judgment in favor of appellee in the amount of $200,000.
 {¶ 4} On May 16, 2003, appellee filed a motion for prejudgment interest. Appellants filed a motion in opposition on May 28, 2003. The motion is still pending before the trial court.
 {¶ 5} Appellants filed a notice of appeal with this Court on June 13, 2003. For the reasons set forth below, this Court does not reach the merits of the appeal.
 II. {¶ 6} Before addressing the merits of the assigned errors, this Court first must determine whether we are presented with a final appealable order within the court's jurisdiction.
 {¶ 7} The Ohio Constitution limits an appellate court's jurisdiction to the review of final judgments of lower courts. Section 3(B)(2), Article IV. For a judgment to be final and appealable, the requirements of R.C. 2505.02 and Civ.R. 54(B), if applicable, must be satisfied. Chef Italiano Corp. v. Kent StateUniv. (1989), 44 Ohio St.3d 86, 88. Pursuant to R.C. 2505.02, an order is both final and appealable if it resolves all claims against all parties or it "resolves at least one full cause of action in a multiple claim case with an express certification that there is no just reason for delay pursuant to Civ.R. 54(B)."Dellagnese v. First Fed S. L. Assn. (Feb. 20, 1991), 9th Dist. No. 14809, citing Norvell v. Cuyahoga Cty. Hosp. (1983),11 Ohio App.3d 70, 71. See, also, Bench Signs Unlimited v. StarkArea Regional Transit Auth., 9th Dist. No. 21574, 2003-Ohio-6324, at ¶ 3.
 {¶ 8} "Generally speaking, judgments that determine liability, but defer the issue of damages for later determination, are not final appealable orders * * * because damages are part of a claim for relief[.]" McKee v. Inabnitt,
4th Dist No. 01CA711, 2001-Ohio-2595. "An unresolved motion for prejudgment interest is part of the entire claim for relief." Id. In the present case, appellee filed a motion for prejudgment interest on May 16, 2003. The case was appealed before the trial court ruled on the motion for prejudgment interest. Because the issue of prejudgment interest has not been determined, the judgment entry does not present a final appealable order.McKee, supra; Driscoll v. Norprop, Inc. (Apr. 3, 1997), 8th Dist. No. 70891; Timmotors, Inc. v. Lima Ford, Inc., 3rd Dist. No. 1-2000-11, 2001-Ohio-2138. In the absence of a final appealable order, this Court lacks jurisdiction to review the assigned errors.
 III. {¶ 9} Accordingly, the appeal is dismissed.
Appeal dismissed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellants.
Exceptions.
Slaby, J., Batchelder, J., concur.
[1] Continental Casualty Company was improperly called "CNA Commercial Insurance" in the amended complaint.