DECISION AND JOURNAL ENTRY
{¶ 1} Appellants/Cross-Appellees, Continental Casualty Company and Transportation Insurance Company, appeal the decision of the Summit County Court of Common Pleas, which awarded summary judgment to appellee/crossappellee, Mary Walter.[1] This Court reverses.
 I. {¶ 2} Mary Walter alleged that she was injured on June 6, 2000, when a vehicle operated by Karla Graebner turned into her lane of travel and struck the vehicle she was driving. Appellee was operating her personal vehicle when the accident occurred. Appellee and her husband received $50,000 from Geico Insurance Company, Graebner's insurance carrier. Appellee and her husband Richard initially filed a complaint against Allstate Insurance Company ("Allstate"), their personal auto carrier. The Walters amended their complaint to include CNA Commercial Insurance,[2]
who issued a business auto policy to Walter Properties, Inc., as a defendant.
 {¶ 3} Continental Casualty Company ("Continental") filed a motion for summary judgment. The Walters and Allstate filed cross motions for summary judgment against Continental. The Walters sought and were granted leave to amend their complaint to add Transportation Insurance Company ("Transportation") as a defendant. The trial court granted the motions for summary judgment against Continental, finding Continental liable to provide UM/UIM coverage by operation of law pursuant to Scott-Pontzer v.Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660, under both the business auto policy issued by Continental and the umbrella policy issued by Transportation and denied Continental's motion for summary judgment. Continental then appealed to this Court. The appeal was dismissed for lack of a final, appealable order because no money damages amount was determined for the Walters against Allstate and Continental. Walter v.Allstate Ins. Co., 9th Dist. No. 21032, 2002-Ohio-5775.
 {¶ 4} Continental and Transportation moved the trial court to reconsider its decision. The trial court denied the motion to reconsider. The matter proceeded to a jury trial. The jury returned a verdict in favor of appellee on her claim and in favor of Allstate, Continental, and Transportation on Mr. Walter's claim. In an entry journalized on May 14, 2003, the trial court entered judgment in favor of appellee in the amount of $200,000.
 {¶ 5} On May 16, 2003, appellee filed a motion for prejudgment interest. Appellants filed a motion in opposition on May 28, 2003. Appellants filed a notice of appeal with this Court on June 13, 2003. The appeal was dismissed for lack of a final, appealable order because the motion for prejudgment interest remained pending. Walter v. AllstateIns. Co. and Continental Cas. Co., 9th Dist. No. 21599, 2004-Ohio-3080. On remand, the trial court denied appellee's motion for prejudgment interest.
 {¶ 6} Appellants timely appealed, setting forth eight assignments of error for review. Appellee cross-appealed, setting forth one assignment of error for review. This Court will first discuss the appeal.
 II. FIRST ASSIGNMENT OF ERROR
"The trial court erred as a matter of law in finding former R.C. 3937.18
to require an offering of UM/UIM coverage under the continental and transportation policies."
 {¶ 7} In their first assignment of error, appellants argue that the trial court improperly granted summary judgment in favor of Allstate and the Walters. This Court agrees.
 {¶ 8} The first seven assignments of error asserted by appellants challenge the trial court's award of summary judgment to appellee. Thus, this Court begins by noting that it reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v.Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12.
 {¶ 9} Pursuant to Civil Rule 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St. 2d 317, 327.
 {¶ 10} To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293.
 {¶ 11} In its motion for summary judgment, Continental argued that the policy it issued to Walter Properties, Inc., was not an "automobile liability or motor vehicle liability policy of insurance" as defined by R.C. 3937.18.
 {¶ 12} In her motion for summary judgment, appellee argued that the commercial auto policy and the liability umbrella policy issued to Walter Properties, Inc., qualified as automobile liability or motor vehicle liability policies of insurance. Therefore, appellee argued that UM/UIM coverage arose by operation of law. In addition, appellee argued that she was entitled to coverage pursuant to the Supreme Court of Ohio's decision in Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660.
 {¶ 13} "[F]or the purpose of determining the scope of coverage of an underinsured motorist claim, the statutory law in effect at the time of entering into a contract for automobile liability insurance controls the rights and duties of the contracting parties." Ross v. Farmers Ins. Groupof Cos. (1998), 82 Ohio St.3d 281, 289. The accident giving rise to this appeal occurred on June 6, 2000. Continental issued the business auto policy on May 1, 2000, and the policy was in effect for a period of one year. Therefore, this Court must examine the version of R.C. 3937.18 that was in effect on May 1, 2000.
 {¶ 14} R.C. 3937.18 has been amended several times over the past few years. The version, as amended by H.B. 261 effective September 3, 1997, and by S.B. 57, effective November 2, 1999, applies to the present case. That version provides, in pertinent part:
"(A) No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless [UM/UIM coverages] are offered to persons insured under the policy for loss due to bodily injury or death suffered by such insureds[.]
 {¶ 15} Thus, pursuant to former R.C. 3937.18, Continental was required to offer UIM coverage only if the policy in question was an automobile or motor vehicle liability policy.
 {¶ 16} R.C. 3937.18(L) defines "automobile liability or motor vehicle policy of insurance as:
"(1) Any policy of insurance that serves as proof of financial responsibility, as proof of financial responsibility is defined by division (K) of section 4509.01 of the Revised Code, for owners or operators of the motor vehicles specifically identified in the policy of insurance; [or]
"(2) Any umbrella liability policy of insurance written as excess over one or more policies described in division (L)(1) of this section."
 {¶ 17} Proof of financial responsibility, as defined in R.C. 4509.01, means:
"Proof of ability to respond in damages for liability, on account of accidents occurring subsequent to the effective date of such proof, arising out of the ownership, maintenance, or use of a motor vehicle in the amount of twelve thousand five hundred dollars because of bodily injury to or death of one person in any one accident, in the amount of twenty-five thousand dollars because of bodily injury to or death of two or more persons in any one accident, and in the amount of seven thousand five hundred dollars because of injury to property of others in any one accident." R.C. 4509.01(K).
 {¶ 18} In Ashley v. Baird, 9th Dist. No. 21364, 2003-Ohio-2711, at ¶ 19, this Court stated:
"The plain meaning of these statutes provides that for an insurance policy to be considered an automobile liability or motor vehicle liability insurance policy in a post-H.B. 261 context, the policy must either (1) serve as proof of financial responsibility for owners or operators of the motor vehicles specifically identified in the policy, or (2) be an umbrella liability insurance policy written in excess over a policy that serves as proof of financial responsibility." (Citations Omitted.) (Emphasis added.)
 {¶ 19} On page 2 of the Renewal Declarations, the Continental policy states:
"Item two: Schedule of Coverages and Covered Autos
"Each of these coverages will apply only to those autos shown as Covered Autos. Autos are shown as Covered Autos for a particular coverage by the entry of one or more of the symbols from the Covered Auto Section of the Business Auto Coverage Form next to the name of the Coverage. * * *"
 {¶ 20} The symbols used to describe the covered autos under the Continental policy were "8" and "9", which are defined as follows:
"8 Hired `Autos' Only
"Only those `autos' you lease, hire, rent or borrow. * * *
"9 Nonowned `Autos' Only
"Only those "autos" you do not own, lease, hire, rent or borrow that are used in connection with your business. * * *"
 {¶ 21} The Continental policy does not specifically identify any vehicles; it only refers to general types and categories of vehicles and mobile equipment. Thus, the policy does not serve as proof of financial responsibility for owners or operators of the motor vehicles specifically identified in the policy. See Ashley at ¶ 28; see, also, Gilcreast-Hillv. Ohio Farmers Ins. Co., 9th Dist. No. 20983, 2002-Ohio-4524, at ¶ 28. Therefore, the Continental policy is not an automobile or motor vehicle liability policy of insurance and former R.C. 3937.18 does not apply.
 {¶ 22} In addition to finding that appellee was entitled to UM/UIM coverage under the Continental policy, the trial court found that appellee was also entitled to UM/UIM coverage under the commercial umbrella policy issued by Transportation. The Transportation policy was written as an excess policy to the Continental policy. Given this Court's finding that the Continental policy is not an automobile or motor vehicle liability policy of insurance, the Transportation policy would not qualify as an automobile liability or motor vehicle liability policy of insurance. R.C. 3937.18(L)(2). Therefore, summary judgment was improperly granted in favor of appellee. While Transportation's liability was established before it was a named party to the lawsuit, a procedural error, this Court's resolution of the appeal eliminates any prejudice to Transportation stemming from that error.
 {¶ 23} Appellants' first assignment of error is sustained. This Court's ruling on appellants' first assignment of error renders their remaining assignments of error moot. Therefore, this Court declines to address them. See App.R. 12(A)(1)(c).
CROSS-APPEAL
 ASSIGNMENT OF ERROR
"The trial court erred and abused its discretion in denying Cross-Appellant prejudgment interest."
 {¶ 24} In her sole assignment of error, cross-appellant argues that the trial court erred in denying her motion for prejudgment interest.
 {¶ 25} This Court's disposition with regard to appellants' first assignment of error renders cross-appellant's cross-appeal moot, and this Court declines to address it. See App.R. 12(A)(1)(c).
 III. {¶ 26} Appellants' first assignment of error is sustained. Appellants' remaining assignments of error and cross-appellant's cross-appeal are moot. The decision of the Summit County Court of Common Pleas is reversed.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellees/cross-appellants.
Exceptions.
Slaby, P.J., Batchelder, J., Concur.
[1] While appellee's husband, Richard Walter, was a party in the underlying action, he is not a party to this appeal.
[2] Continental Casualty Company was improperly called "CNA Commercial Insurance" in the amended complaint.