[Cite as *Dean v. UPS Legal Dept.*, 2014-Ohio-619.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

| | | |
|---|---|---|
| JARED DEAN, | : | Case No. 13CA21 |
| | : | |
|     Plaintiff-Appellee, | : | |
| | : | DECISION AND |
| v. | : | JUDGMENT ENTRY |
| | : | |
| UPS LEGAL DEPARTMENT, | : | |
| | : | **RELEASED: 02/14/14** |
| | | |
|     Defendant-Appellant. | : | |

_____
APPEARANCES:[1]

Roger P. Sugarman and Katherine Connor Ferguson, Kegler, Brown, Hill & Ritter, Columbus, Ohio, for appellant.
_____
Harsha, J.

{¶1}     United Parcel Service Legal Department (UPS) appeals the trial court's entry awarding Jared Dean $1,600 in damages for a tankless water heater that was damaged during shipping.  UPS argues that Dean's state law claims are preempted by federal law.  We agree.  The Carmack Amendment to the Interstate Commerce Act exclusively governs all claims against common carriers, such as UPS, for damage to property during interstate shipment.  Therefore, Dean's state law claims are preempted by the Carmack Amendment and the trial court erred by applying state law to award judgment in Dean's favor.

I. FACTS

{¶2}     After Dean bought a water heater from a local retailer for $500 and sold it to a buyer on Ebay for $1600, he took it to a Staples location in Athens, Ohio for

---

[1] Appellee, Jared Dean, did not file a brief or otherwise make an appearance in this appeal.

shipment via UPS.  Dean declared the value of the water heater as $1600 and Staples accepted the water heater in the original manufacturer's packaging; Staples transferred the water heater to UPS for shipment.  However, the water heater arrived in California damaged and the buyer refused to accept delivery.

{¶3}    Dean filed a claim with UPS, but it determined the water heater was improperly packaged and denied his claim.  He disputed this determination and his claim was again denied for the same reason.  Dean then filed a claim with Staples, which was also denied.

{¶4}    Thereafter, Dean filed a small claims petition with the Athens County Municipal Court against UPS requesting a judgment in the amount of $1740 for the value of the item plus the cost of shipping.  The court set the matter for trial, at which time UPS filed a trial brief raising several defenses, including preemption based upon the Carmack Amendment.  After the trial the court awarded Dean $1600, the value of the water heater.  UPS appeals the trial court's judgment.

## II. ASSIGNMENTS OF ERROR

{¶5}    UPS raises four assignments of error for our review:

1.  THE TRIAL COURT ERRED IN ITS APRIL 8, 2013 DECISION AND JUDGMENT ENTRY BY GRANTING JUDGMENT IN FAVOR OF THE PLAINTIFF DEAN AGAINST UPS IN ANY AMOUNT BECAUSE UPS IS ONLY LIABLE TO THE SHIPPER AND DEAN WAS NOT THE SHIPPER.

2. THE TRIAL COURT ERRED IN ITS APRIL 8, 2013 DECISION AND JUDGMENT ENTRY BY GRANTING JUDGMENT IN FAVOR OF THE PLAINTIFF DEAN AGAINST UPS IN ANY AMOUNT BECAUSE DEAN BREACHED THE SHIPPING CONTRACT BY FAILING TO PROPERLY PREPARE AND PACK THE SUBJECT PACKAGE FOR SHIPPING IN THE SINGLE PARCEL ENVIRONMENT.

3. THE TRIAL COURT ERRED IN ITS APRIL 8, 2013 DECISION AND JUDGMENT ENTRY BY GRANTING JUDGMENT IN FAVOR OF THE

PLAINTIFF DEAN AGAINST UPS IN ANY AMOUNT BECAUSE DEAN'S RECOVERY UNDER THE SHIPPING CONTRACT IS LIMITED TO THE AMOUNT HE PAID FOR THE TANKLESS WATER HEATER, AND THE PLAINTIFF ADMITTED THAT THE TANKLESS WATER HEATER IS STILL WORTH THE AMOUNT HE PAID FOR IT.

4. IN THE ALTERNATIVE, THE TRIAL COURT ERRED IN ITS APRIL 8, 2013 DECISION AND JUDGMENT ENTRY BY GRANTING JUDGMENT IN FAVOR OF PLAINTIFF DEAN AGAINST UPS IN ANY AMOUNT OTHER THE ACTUAL LOSS OR INJURY TO THE TANKLESS WATER HEATER.

### III. LAW AND ANALYSIS

**{¶6}** UPS first argues that the trial court erred by awarding Dean $1600 because the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. 14706, exclusively governs common carrier liability for damage to shipped property and preempts Dean's state common law claims.

**{¶7}** Because this argument does not directly address any of the assignments of error and has not been separately assigned as error as required by App.R. 12(A)(1)(b), it would be within our discretion to simply disregard it. *See Davis v. Byers Volvo*, 4th Dist. Pike No. 11CA817, 2012-Ohio-882, ¶ 2, fn.1. Nevertheless, in the interests of justice and because this argument, like the assignments of error, contests the trial court's entry awarding Dean damages, we will consider UPS's argument as an assignment of error.

**{¶8}** "The interstate shipment of goods is a complicated business." *REI Transport, Inc. v. C.H. Robinson Worldwide, Inc.*, 519 F.3d 693, 695 (7th Cir.2008). To provide uniformity in the law for interstate carriers' liability for property loss or damage, Congress created the Carmack Amendment to the Interstate Commerce Act. *New York, New Haven & Hartford RR. Co. v. Nothnagle*, 346 U.S. 128, 131, 73 S.Ct. 986, 97

L.Ed. 1500 (1953).   The Carmack Amendment provides the exclusive means for a shipper to recover for damages to delivered property.  *See Georgia, Florida & Alabama Ry. Co.*, 241 U.S. 190, 196, 36 S.Ct. 541, 60 L.Ed. 948 (1916) ("the words of the [Carmack Amendment] are comprehensive enough to embrace responsibility for all losses resulting from any failure to discharge a carrier's duty as to any part of the agreed transportation * * *"). Thus it is well settled that Congress clearly intended the Carmack Amendment to preempt all state law claims against common carriers for loss or damage to goods during interstate shipment, including fraud, tort, intentional and negligent infliction of emotional distress, breach of contract, breach of implied warranty and state deceptive practices acts.  *Bowersmith v. United Parcel Service, Inc.,* 166 Ohio App.3d 22, 2006-Ohio-1417, 848 N.E.2d 919, ¶ 12 (3rd Dist.).  *See also Adams Express Co. v. Croninger*, 226 U.S. 491, 505-506, 33 S.Ct. 148, 57 L.Ed. 314 (1913) ("Almost every detail of the subject is covered so completely that there can be no rational doubt that Congress intended to take possession of the subject, and supersede all state regulation with reference to it").

**{¶9}**    However, "federal and state courts have concurrent jurisdiction over *claims brought pursuant to the Carmack Amendment.*"  (Emphasis sic.)  *Bowersmith* at ¶ 12.  A defendant may properly file a claim against a common carrier in state court, "but only if the complaint alleges a claim under the Carmack Amendment, and *not* if it alleges state claims."  (Emphasis sic.) *Id.* at ¶ 13.

**{¶10}** Here, Dean's small claims petition sought a determination of UPS's liability for damages he incurred when his tankless water heater was damaged during interstate shipment.   Although the face of his petition does not identify the legal theory

under which he was seeking recovery, nowhere did Dean mention the Carmack Amendment or a federal cause of action and the trial court applied state law. Moreover, because Dean failed to file an appellate brief or otherwise make an appearance in this appeal, we may accept UPS's statement of facts and issues as correct and reverse the trial court's judgment, so long as UPS's brief reasonably appears to sustain such an action. *Ohio Div. of Wildlife v. Kendrick*, 180 Ohio App.3d 662, 2009-Ohio-380, 906 N.E.2d 1174, ¶ 7 (4th Dist.); App.R. 18(C). For these reasons, we also construe Dean's petition as asserting state law claims.

**{¶11}** In awarding judgment under state law the trial court simply failed to address the preemption argument raised in UPS's pretrial brief and its closing argument. However, the relevant case law clearly establishes that Dean's state common law claim asserting UPS's liability for damage to his property during shipping is preempted by the Carmack Amendment. *See Korer v. Danita Corp.*, 584 F.Supp.2d 1103, 1106 (N.D.Ill.2008). And because "the Carmack Amendment constitutes a complete defense to common law claims alleging all manners of harms," we sustain UPS' preemption assignment of error and reverse the trial court's judgment applying state law. *Hall v. N. Am. Van Lines*, 476 F.3d 683,689 (9th Cir.2007). This renders UPS's remaining assignments of error moot, so we decline to address them. *See* App .R. 12(A)(1)(c).

IV. CONCLUSION

**{¶12}** Normally, we would remand with instruction to dismiss Dean's petition.[2] However, in light of UPS's own request that the trial court convert Dean's petition to a federal claim under the Carmack Amendment, we remand with instructions to the court to deem the petition to be amended to state a federal cause of action and to apply federal law.

JUDGMENT REVERSED
AND CAUSE REMANDED

---

[2] In the absence of a motion to amend the complaint to state a federal claim, dismissal is appropriate. *See Bowersmith*, supra, at ¶ 13-14, and *Techdisposal.com, Inc. v. Ceva Freight Management*, S.D.Ohio No. 2:09-cv-356, 2009 WL 4283090 (Nov. 30, 2009).

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS REVERSED and that the CAUSE IS REMANDED. Appellee shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Municipal Court, Small Claims Division, to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, J. & Hoover, J.: Concur in Judgment and Opinion.

For the Court

BY: _____
William H. Harsha, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**