[Cite as *Buttner v. Renz*, 2014-Ohio-4939.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 101479

**DANIEL A. BUTTNER**

PLAINTIFF-APPELLANT

vs.

**WILLIAM H. RENZ**

DEFENDANT-APPELLEE

**JUDGMENT:**
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-14-821485

**BEFORE:**    Blackmon, J., Rocco, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:**    November 6, 2014

**ATTORNEY FOR APPELLANT**

Edward M. Graham
Edward M. Graham Co., L.P.A.
13363 Madison Avenue
Lakewood, Ohio 44107


**FOR APPELLEE**

William H. Renz, pro se
21974 River Oaks Drive, #41
Rocky River, Ohio 44116

PATRICIA ANN BLACKMON, J.:

{¶1} In this accelerated appeal, appellant Daniel A. Buttner ("Buttner") appeals the trial court's judgment in favor of appellee William H. Renz ("Renz") and assigns the following two errors for our review:

I.  The court's judgment was against the manifest weight of the evidence.

II.  It was plain error for the court to limit plaintiff's testimony.

{¶2} After reviewing the record and relevant law, we reverse and remand the trial court's decision.   The apposite facts follow.

{¶3} On August 9, 2013, Buttner filed a forcible entry and detainer action in Rocky River Municipal Court, seeking to evict Renz from the premises located at 21758 Westwood Road, Fairview Park, Ohio.   Buttner  also asserted a second claim for unpaid rent in the amount of $3,000.   Buttner requested additional damages of $18.30 per day for Renz's use of the premises pending the court's judgment, and $1,000 for other damages to the   property.

{¶4} Renz did not file an answer to the complaint.   However, he filed a counterclaim on August 27, 2013, using a form supplied by the Rocky River Municipal Court.   In the counterclaim, Renz requested to be reimbursed $8,909  for the cost of a Jeep Grand Cherokee. On November 19, 2013, Renz filed an amended counterclaim in which he changed the amount of damages from $8,909 to "an amount in excess of $79,624."   No further explanation was given for the amendment.

{¶5} The Rocky River Municipal Court issued an eviction order for Renz.   Because the amount requested in the counterclaim exceeded the jurisdiction of the municipal court, the

counterclaim and Buttner's claim for unpaid rent and damages were transferred to the court of common pleas.

{¶6} In the common pleas court, Buttner filed a reply to Renz's counterclaim in which he denied the allegations and argued that Renz "failed to set forth a claim upon which relief can be granted." After a pretrial was conducted, the trial court found that Renz's counterclaim was "legally deficient," and ordered Renz to amend his counterclaim or it would be dismissed.

{¶7} Renz thereafter filed an amended counterclaim in which he stated that he purchased the Jeep and that Buttner subsequently took possession of the Jeep without reimbursing him. He stated that he paid $8,909 for the Jeep in February 2010, and paid for it by writing a check to National Car Mart.

{¶8} A bench trial was conducted on the claims. The trial court found that Renz failed to answer Buttner's complaint, and Buttner failed to answer Renz's amended counterclaim. Therefore, neither party was permitted to contest the claims of the other party. Buttner's attorney argued that he never received service of the amended counterclaim. However, he admitted he was aware that Renz had filed one when he checked the docket two weeks prior to trial. The trial court concluded Buttner should have raised the fact he had not been served with the amended counterclaim prior to trial and, therefore, waived the issue.

{¶9} The trial court only heard evidence as to damages and awarded Buttner a total of $4,164.70 in damages and Renz $8,909 in damages.

**Manifest Weight of the Evidence**

{¶10} In his first assigned error, Buttner claims the trial court's judgment on the amended counterclaim was against the manifest weight of the evidence because no evidence was admitted to support the $8,909 judgment.

**{¶11}** Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978).

**{¶12}** In the instant case, Renz provided no testimony as to the damages related to his counterclaim. He handed the trial court documents that he said supported his damages and had marked them Exhibits A, B, and C. The documents were not formally entered into evidence and are not part of the record. Generally, documents must be authenticated or identified as a condition precedent to their admissibility. *St. Paul Fire & Marine Ins. Co. v. Ohio Fast Freight, Inc.*, 8 Ohio App.3d 155, 157, 456 N.E.2d 551 (10th Dist.1982). "Authentication or identification is satisfied by evidence — usually provided through testimony of a witness with knowledge — sufficient to support a finding that the matter in question is what its proponent claims." *Id.* at 158; *see also* Evid.R. 901. Here, Renz provided no testimony in support of the exhibits. "The mere fact that an exhibit is marked and referred to in testimony and arguments is not tantamount to an automatic introduction of the exhibit into evidence." *Lewis v. Tackett*, 12th Dist. Clinton No. CA89-11-019, 1990 Ohio App. LEXIS 2743 (July 2, 1990), citing *Burnside v. Cincinnati St. Rwy. Co.*, 93 Ohio App. 456, 458 113 N.E.2d 638 (1st Dist.1953).

**{¶13}** Nor can we say that Buttner waived any objection to the exhibits by failing to object to them. "Although a party may object to an exhibit at the time it is marked for identification, the party waives any right to object only if the objection is not made or renewed at the time the exhibit is offered and admitted by the court." *Lewis*, citing *Heldman v. Uniroyal, Inc.*, 53 Ohio App.2d 21, 371 N.E.2d 557 (8th Dist.1977). Here, the exhibits were never admitted into evidence by the court.

**{¶14}** Because there was no testimony regarding damages and the exhibits were not admitted into evidence, the trial court's damage award is not supported by competent, credible evidence.

**{¶15}** Moreover, our review of the transcript shows Buttner was blind-sided by the trial court's sua sponte entering default judgment on Renz's counterclaim. "Sua sponte default judgments are unavailable at law, as Civ.R. 55(A) states that 'the party entitled to judgment shall apply to the court for judgment.'" *Sesko v. Hutchins Caw, Inc.*, 8th Dist. Cuyahoga No. 87359, 2006-Ohio-5434, fn. 1, citing *Bowersmith v. United Parcel Serv., Inc.*, 166 Ohio App.3d 22, 2006-Ohio-1417, 848 N.E.2d 919, ¶ 18 (3d Dist.). In *Bowersmith*, a case where the court also entered a sua sponte default judgment, the court of appeals held:

> [T]he trial court sua sponte entered default judgment, did not serve [UPS] with any written notice that it was considering entry of judgment against UPS, and did not hold a hearing to determine whether default judgment was proper. The trial court's sua sponte grant of default judgment in this case was arbitrary and an egregious violation of Civ.R. 55(A).

**{¶16}** Likewise, in the instant case, Renz did not file a motion for default judgment and Buttner did not receive notice that the court was considering entering default judgment. This was not a situation where Buttner failed to appear in the case. He had actively engaged in litigating the case, but failed to answer Renz's counterclaim because Renz failed to provide service of the document. "The law disfavors default judgments and Civ.R. 55(A) specifically sets forth that default judgments not be granted without notice to the party who has entered an appearance." *Suki v. Blume*, 9 Ohio App.3d 289, 291, 459 N.E.2d 1311 (8th Dist.1983). The trial court's entering a sua sponte default judgment without even giving the seven-day notice

required by Civ.R. 55(A) constituted an abuse of discretion. Accordingly, Buttner's first assigned error is sustained.

{¶17} Buttner's second assigned error is rendered moot by our disposition of the first assigned error. App.R. 12(A)(1)(c).

{¶18} Judgment reversed and remanded for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON,  JUDGE

KENNETH A. ROCCO, P.J., and
EILEEN A. GALLAGHER, J., CONCUR