[Cite as *Exit 4 Towing & Serv., L.L.C. v. Bugno*, 2019-Ohio-1577.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

EXIT 4 TOWING AND SERVICE LLC DBA

PENN OHIO TOWING AND RECOVERY ET AL.,

Plaintiffs-Appellees,

v.

ALEX BUGNO ET AL.,

Defendants-Appellants.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 18 MA 0045**

---

Civil Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2015 CV 2709

**BEFORE:**
Gene Donofrio, Carol Ann Robb, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Reversed and Remanded.

---

*Atty. Ronald Yarwood*, DeGenova & Yarwood, LTD, 42 North Phelps Street, Youngstown, Ohio 44503, for Plaintiffs-Appellees and

*Atty. John Zomoida Jr.*, Anthony & Zomoida, LLC, Town One Square, 40 South Main Street, Poland, Ohio 44514, for Defendants-Appellants.

Dated:
4/26/2019

**Donofrio, J.**

{¶1}　Defendant-appellant, Alex Bugno, appeals the judgment of the Mahoning County Common Pleas Court granting default judgment in favor of plaintiff-appellee, Exit 4 Towing and Service, LLC.

{¶2}　Appellee filed a complaint against appellant and Bugno Development Group, LLC (BDG). The complaint listed six claims: conversion, fraud, misappropriation of identity, civil theft, breach of contract, and unjust enrichment. The claims were based on allegations that appellant used lines of credit under the name Paul Carpec (appellee's sole member) without permission. The claims were also based on allegations that appellant redirected appellee's phone lines for the purposes of intercepting appellee's clients for appellant's benefit.

{¶3}　Appellant and BDG filed an answer and counterclaim. The counterclaim alleged that appellant and appellee were engaged in a joint venture, appellant contributed funds to that joint venture, and appellee terminated the joint venture but retained the funds appellant contributed.

{¶4}　During this action, BDG filed for bankruptcy. The trial court stayed all proceedings while BDG's bankruptcy proceeding was pending.

{¶5}　Appellee filed a notice voluntarily dismissing BDG from this action. In this same notice, appellee requested that the stay of proceedings be lifted and the case be returned to active status. The trial court dismissed BDG from this action and returned the matter to active status.

{¶6}　After the case was returned to active status, the magistrate issued a status hearing order. This order included a date for mediation and a final pretrial, both scheduled for July 19, 2017. Regarding the mediation, the order provided "[a]ll parties and persons with settlement authority must be present at the mediation." Regarding the final pretrial, the order provided "[f]ailure of trial counsel and all parties to attend the final pretrial without

Case No. 18 MA 0045

prior approval of the Court will result in the imposition of sanctions, including dismissal of the offending party's affirmative claims for relief."

{¶7} On July 19, 2017, appellant's counsel appeared at the mediation and final pretrial but appellant did not attend either hearing. On July 21, 2017, the trial court sua sponte awarded default judgment in favor of appellee on all claims due to appellant's failure to attend the mediation and the final pretrial and scheduled a damages hearing for August 2, 2017.

{¶8} After a continuance, the magistrate held the damages hearing on November 1, 2017. In a magistrate's decision dated November 3, 2017, the magistrate recommended damages in favor of appellee in the amount of $261,635.09. Appellant filed a notice of appeal on November 29, 2017.

{¶9} On December 20, 2017, we dismissed the appeal for lack of a final appealable order.

{¶10} On April 4, 2018, the trial court issued a judgment entry confirming the magistrate's decision on damages noting that no party objected to the magistrate's decision. Appellant timely filed another notice of appeal on April 12, 2018. Appellant now raises one assignment of error.

{¶11} Appellant's sole assignment of error states:

THE TRIAL COURT ERRED IN GRANTING DEFAULT JUDGMENT AGAINST APPELLANTS AS A SANCTION FOR APPELLANTS' FAILURE TO ATTEND THE MEDIATION AND FINAL PRETRIAL ALTHOUGH APPELLANTS APPEARED IN THE CASE.

{¶12} Appellant argues that the trial court lacked the authority to award default judgment in appellee's favor after appellant appeared in the action.

{¶13} Appellee argues that we are limited to reviewing this case for plain error because appellant did not object to the November 3, 2017 magistrate's decision. Pursuant to Civ.R. 53(D)(3)(b)(iv), which addresses objections to a magistrate's decision, "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion * * *." Because appellant failed to object to the magistrate's decision, we

are limited to a plain error review. *PHH Mtge. Corp. v. Santiago*, 10th Dist. No. 11AP-562, 2012-Ohio-942, ¶ 8.

**{¶14}** An alleged error is plain error only if the error is "obvious," *State v. Lang*, 129 Ohio St.3d 512, 2011-Ohio-4215, 954 N.E.2d 596, ¶ 108, and "but for the error, the outcome of the trial would have been otherwise." *Id.*

**{¶15}** Civ.R. 55(A) provides that when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, the party entitled to default judgment shall apply in writing or orally to the trial court. The Rule further provides that if the party against whom default judgment is sought has appeared in the action, he or she shall be served with written notice of the application for judgment at least seven days prior to the hearing on the application.

**{¶16}** In this case, appellant did not fail to plead. Appellant timely filed an answer and counterclaim.

**{¶17}** Appellee argues that the Ohio Supreme Court's decision in *Davis v. Immediate Medical Servs., Inc.*, 80 Ohio St.3d 10, 684 N.E.2d 292 (1997), allows trial courts to award default judgment due to a party's failure to comply with the Ohio Rules of Civil Procedure. But *Davis* is distinguishable from the case at bar. The Court in *Davis* upheld the award of default judgment due to a party's failure to respond to an amended complaint. *Id.* at 14-15. In this case, appellant properly filed a responsive pleading and default judgment was sua sponte awarded by the trial court due to appellant's failure to attend mediation and the final pretrial hearing.

**{¶18}** Appellant cites this court's decision in *Citibank v. Hura*, 7th Dist. No. 13 MA 173, 2015-Ohio-742. In *Citibank*, Citibank filed an action against Hura alleging Hura owed money from credit-card debt. *Id.* at ¶ 2. Hura filed a third-party complaint against Gilmartin alleging that Gilmartin fraudulently obtained the credit-card in Hura's name. *Id.* at ¶ 3. Gilmartin filed an answer to Hura's third-party complaint. *Id.* at ¶ 4. At the scheduled final pretrial conference, Gilmartin failed to appear without notifying the court. *Id.* at ¶ 6. Hura filed for and was granted default judgment against Gilmartin due to Gilmartin's failure to attend the final pretrial conference. *Id.* at ¶ 6-7. The magistrate held a subsequent hearing on damages and awarded Hura the full amount of the credit-card debt plus interest, costs, and attorney's fees. *Id.* at ¶ 8. Gilmartin appealed.

**{¶19}** We held that "when a case is at issue because a defendant has filed an answer, there can be no default judgment." *Id.* at ¶ 18 quoting *Office of Disciplinary Counsel v. Jackson*, 81 Ohio St.3d 308, 691 N.E.2d 262 (1998). We reversed the trial court's ruling and remanded the matter for further proceedings. *Id.* at ¶ 23.

**{¶20}** Additionally, sua sponte default judgments are unavailable at law. *Buttner v. Renz*, 8th Dist. No. 101479, 2014-Ohio-4939, ¶ 15. Default judgments are inappropriate without providing notice to the party who has entered an appearance. *Suki v. Blume*, 9 Ohio App.3d 289, 290, 459 N.E.2d 1311 (8th Dist.1983). Based on the above, the trial court's sua sponte award of default judgment in favor of appellee was plain error.

**{¶21}** Accordingly, appellant's sole assignment of error has merit and is sustained.

**{¶22}** For the reasons stated above, the trial court's judgment is hereby reversed and this matter is remanded for further proceedings pursuant to law and consistent with this opinion.

Robb, J., concurs.

D'Apolito, J., concurs.

---

For the reasons stated in the Opinion rendered herein, the sole assignment of error is sustained and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is reversed. We hereby remand this matter to the trial court for further proceedings according to law and consistent with this Court's Opinion. Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**