JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
 {¶ 2} Defendant-appellant, JoAnne Priebe ("defendant"), appeals from the denial of her motion for relief from default judgment entered by the trial court after she failed to appear at two consecutive case management conferences. For the reasons that follow, we reverse and remand.
 {¶ 3} Defendant appeared in the action by filing her answer. Defendant did not appear at the March 9, 2005 case management conference. The court issued an order on March 10, 2005 rescheduling the case management conference for March 29, 2005 and providing that failure to appear would result in default judgment. The computer docket indicates "notice issued." Defendant did not appear at the March 29th conference and the trial court entered default judgment. Thereafter, the defendant filed, and the court denied, a motion for relief from judgment.
 {¶ 4} The defendant now appeals raising one assignment of error for our review:
 {¶ 5} "I. Under Ohio law, where a defendant has placed a case in issue by filing an answer, default judgment is inappropriate. Defendant timely filed an answer to the complaint, yet the trial court granted default judgment in favor of plaintiff. Since the trial court's denial of defendant's motion to vacate judgment was erroneous, this court should overrule the trial court, and remand the case for further proceedings."
 {¶ 6} Civ.R. 60(B) provides in part: "on motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation."
 {¶ 7} As with any motion for relief, the proponent has the burden of proof. "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE AutomaticElec., Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
 {¶ 8} We reject plaintiff's contention that this appeal was not timely filed because the notice of appeal was filed more than 30 days following the granting of default judgment. Defendant filed her notice of appeal from the denial of her motion for relief from judgment not from the default judgment. "[A] judgment denying a motion for relief from judgment filed pursuant to Civ.R. 60(B) is itself a final appealable order."Colley v. Bazell (1980), 64 Ohio St.2d 243 (finding appeal from motion for relief from judgment was timely even though it was not filed thirty days from entry of default judgment). The trial court denied defendant's motion for relief from judgment on April 14, 2005 and defendant filed her notice of appeal on May 5, 2005. Thus, this appeal is timely. Id.
 {¶ 9} Civ.R. 55(A) provides in relevant part that "[i]f the party against whom judgment by default is sought has appeared in the action, he * * * shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties."
 {¶ 10} In an analogous case, this Court observed that "the Ohio Supreme Court has interpreted this language as meaning that once a party pleads in a matter the provisions of Civ.R. 55 are inapplicable." Shearv. Fleck (July 22, 1999), Cuyahoga App. No. 75928, citing Ohio ValleyRadiology Associates, Inc. v. Ohio Valley Hosp. Ass'n. (1986),28 Ohio St.3d 118.[1]
 {¶ 11} In Fleck, as here, the defendant answered the complaint but failed to appear at two consecutive case management conferences. This Court held it was error to enter default judgment instead of conducting an ex parte trial wherein the plaintiffs would produce evidence to prove their claims. "The proper action for a court to take when a defending party who has pleaded fails to show for trial is to require the party seeking relief to proceed ex parte in the opponent's absence." OhioValley, 28 Ohio St.3d at 122.
 {¶ 12} It is undisputed that defendant entered an appearance in this case and, therefore, in accordance with Fleck and Ohio Valley the trial court could not enter default judgment on behalf of plaintiff. For this reason, the trial court should have granted the motion for relief from judgment.
 {¶ 13} Defendant's sole assignment of error is sustained.
 {¶ 14} The default judgment is reversed and this cause is remanded to the trial court for further proceedings consistent with this opinion.
It is ordered that appellant recover of appellee her costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kenneth A. Rocco, J., and Christine T. McMonagle, J., concur.
[1] "`[a] default by a defendant * * * arises only when the defendant has failed to contest the allegations raised in the complaint and it is thus proper to render a default judgment against the defendant as liability has been admitted or "confessed" by the omission of statements refuting the plaintiff's claims. * * *' It is only when the party against whom a claim is sought fails to contest the opposing party's allegations by either pleading or `otherwise defend[ing]' that a default arises."Ohio Valley, 28 Ohio St.3d at 121.