**SKINNER, Appellee,**

v.

**LEYLAND et al., Appellants.**

[Cite as *Skinner v. Leyland,* 167 Ohio App.3d 226, 2006-Ohio-3186.]

Court of Appeals of Ohio,
Sixth District, Erie County.

No. E–05–071.

Decided June 23, 2006.

John Kirwan, for appellee.

D. Jeffery Rengel and Thomas Lucas, for appellant.

PIETRYKOWSKI, Judge.

{¶ 1} This case is before the court following the judgment of the Erie County Court of Common Pleas, denying appellants' motion for relief from judgment pursuant to Civ.R. 60(B) and motion for new trial pursuant to Civ.R. 59(A). For the reasons set forth herein, we reverse.

{¶ 2} The relevant facts are as follows. On February 25, 1999, appellee David A. Skinner filed a complaint against appellants Richard Leyland, individually, and Richard Leyland, d.b.a. Leyland's Landings, based on breach of contract and fraud. Appellee alleged that in exchange for $6,500, appellants promised to arrange refinancing for a mortgage within three to four weeks on property that appellee owned. That refinancing never occurred.

{¶ 3} The record indicates that service of the complaint by certified mail to appellants at 3830 Riverview Road Columbus, Ohio was returned unclaimed. On April 12, 1999, a certified copy of the complaint was sent by regular mail to this 3830 Riverview Road address.

{¶ 4} On May 10, 1999, attorney Richard E. Grubbe, on behalf of appellants, filed an answer and affirmative defenses. On March 10, 2000, attorney Grubbe filed a motion to continue the scheduled March 23, 2000 trial date and to withdraw as counsel for appellants. On March 20, 2000, the trial court granted the motion to continue and rescheduled the trial for June 21, 2000.

{¶ 5} On May 25, 2000, the trial court granted attorney Grubbe's motion to withdraw. The entry ordered that appellants designate other counsel within 30 days. On June 16, 2000, the trial court reassigned the case for trial on July 18, 2000. The face of the judgment entry indicates that the notice was to be sent to appellants at the same Columbus, Ohio address to which the complaint was sent by regular mail after service by certified mail was returned unclaimed—3830 Riverview Road. Apparently, the trial court also set down this trial date upon its docket.

{¶ 6} On the scheduled trial date of July 18, 2000, appellants did not appear. There is no transcript of the court proceeding that day. The judgment entry does not indicate that the trial court conducted any ex parte trial or otherwise heard any testimony or evidence. Instead, the trial court granted appellee's oral motion for default judgment pursuant to Civ.R. 55(A) and scheduled a damages hearing for August 25, 2000. The record indicates that a copy of this judgment entry, which includes notice of the scheduled damages hearing, was to be sent to appellants to a different Columbus, Ohio address for the first time—3820 Riverview Road. The trial court's docket does not indicate any kind of service of this judgment entry.

{¶ 7} On August 25, 2000, the damages hearing was conducted by a magistrate. Appellee presented a memorandum of determination of damages, with uncertified copies of supporting documents attached. Appellee sought $170,000 in damages on the breach-of-contract claim and $6,500 on the fraud claim, as well as attorney fees. Appellants were not present.

{¶ 8} An October 24, 2000 magistrate's decision found that appellee was entitled to the $176,500 damages claimed, but denied the request for attorney fees. The record indicates that a copy of this decision was to be sent to appellants at the 3820 Riverview Road address. This decision was adopted by the trial court on March 11, 2002.

{¶ 9} On August 31, 2005, the trial court denied appellants' motion for relief from judgment pursuant to Civ.R. 60(B) and motion for new trial pursuant to Civ.R. 59(A). Appellants [1] now raise the following assignments of error:

{¶ 10} "I. The trial court abused its discretion in denying appellants' motion for relief from judgment because it satisfied all requirements of Ohio Rule of Civil Procedure 60(B).

{¶ 11} "II. The trial court abused its discretion by denying appellants' unopposed motion for new trial where it satisfied all requirements of Ohio Rule of Civil Procedure 59(A)."

{¶ 12} Regarding appellants' first assignment of error, it is well settled that the denial of a motion such as the one made by appellants in the present case is reviewed to determine whether the trial court abused its discretion. *Griffey v. Rajan* (1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122. An abuse of discretion connotes more than an error of law or judgment. It implies that the court's attitude is unreasonable, unconscionable, or arbitrary. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.

{¶ 13} Appellants make their arguments using the Civ.R. 60(B) framework and base many of these arguments on their failure to receive notice of the trial date, the default judgment, or the damages hearing. We note that the record demonstrates conflicting addresses for appellants during the course of this case. The complaint was mailed to the appellants at 3830 Riverview Road, but at least after the entry of default, a 3820 Riverview Road address continues to appear on court documents. Further, appellants' original trial counsel withdrew shortly before the trial date was set. However, an entry of the date of trial on the court's docket constitutes reasonable, constructive notice of a trial date. *Ohio Valley Radiology Assocs., Inc. v. Ohio Valley Hosp.* (1986), 28 Ohio St.3d 118,

---

1. We note that appellee was granted leave to file a post-oral argument brief but failed to do so within the time provided.

124, 28 OBR 216, 502 N.E.2d 599. In the present case, it appears that the trial court set down this trial date upon its docket. Moreover, alleged failure to receive notice of trial does not constitute a basis for relief under Civ.R. 60(B) from a judgment by which the trial court has journalized its scheduling order *and has conducted an ex parte trial* before entering the judgment. *Hamper v. Birmele* (May 17, 1990), 8th Dist. No. 58522, 1990 WL 66433 citing *Fendrich v. Fendrich* (Mar. 9, 1989), 8th Dist. No. 54840, 1989 WL 21431. As further discussed, we believe the true issue is the trial court's misapplication of Civ.R. 55(A) and its apparent failure to conduct an ex parte trial on July 18, 2000, before entering judgment against appellants. We hold that this is reversible error without need to enter into an analysis of Civ.R. 60(B) requirements.

{¶ 14} As part of their arguments, appellants contend that the trial court erred in granting default judgment pursuant to Civ.R. 55(A) because appellants filed an answer, and Civ.R. 55(A) is applicable only if a party has "failed to plead or otherwise answer." We agree that the trial court erred at the July 18, 2000 trial date when it applied Civ.R. 55(A) and granted appellee a default judgment on the liability issue. Civ.R. 55(A) simply does not apply. Civ.R 55(A) provides, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" a written or oral motion for default judgment may be made. However, "when a party who has filed a responsive pleading to a pleading seeking affirmative relief fails to appear for trial, no default within the meaning of Civ.R. 55(A) occurs * * *." *Ohio Valley Radiology Assocs., Inc.,* 28 Ohio St.3d at 123, 28 OBR 216, 502 N.E.2d 599. "In summary, when a case is at issue because a defendant has filed an answer, there can be no default judgment." *Disciplinary Counsel v. Jackson* (1998), 81 Ohio St.3d 308, 311, 691 N.E.2d 262. "The proper action for a court to take when a defending party who has pleaded fails to show for trial is to require the party seeking relief to proceed ex parte in the opponent's absence. Such a procedure, which requires affirmative proof of the essential elements of a claim, is diametrically opposed to the concept of default, which is based upon admission and which therefore obviates the need for proof." *Ohio Valley Radiology Assocs., Inc.,* 28 Ohio St.3d at 122, 28 OBR 216, 502 N.E.2d 599.

{¶ 15} In the present case, appellants filed an answer. Thus, appellants have not "failed to plead or otherwise defend." However, appellants failed to appear at the July 18, 2000 trial date. Pursuant to *Ohio Valley,* the trial court erred in applying Civ.R. 55(A) and granting appellee a default judgment. The trial court should have held an ex parte trial on the merits of the liability issue. See *Shear v. Fleck* (July 22, 1999), 8th Dist. No. 75928, 1999 WL 528204. Instead, it appears that the trial court merely found that the liability issues were conceded by default. The trial court then erroneously proceeded to schedule the matter

for a damages hearing and essentially awarded damages on an ex parte basis. Based on this finding, any judgment regarding damages in this case was premature. See *Tillimon v. Rideout,* 6th Dist. No. L–02–1072, 2003-Ohio-308, 2003 WL 164801, at ¶ 26. Upon a direct appeal [2] of such a default judgment, a failure to hold an ex parte trial has been determined to be an abuse of a trial court's discretion. See *Dupal v. Daedlow* (1989), 61 Ohio App.3d 46, 49, 572 N.E.2d 147.

{¶ 16} We find further support for a reversal without a detailed Civ.R 60(B) analysis in *Plant Equip., Inc. v. Nationwide Control Serv., Inc.,* 155 Ohio App.3d 46, 2003-Ohio-5395, 798 N.E.2d 1202; *Tillimon v. Rideout,* 6th Dist. No. L–02–1072, 2003-Ohio-308, 2003 WL 164801; *Shear v. Fleck* (July 22, 1999), 8th Dist. No. 75928, 1999 WL 528204; and *Frangopolous v. Angelo* (Apr. 27, 1999), 7th Dist. No. 97 CA 52, 1999 WL 260893. In *Plant Equip., Inc.,* the appellant filed an appeal asserting that the trial court had erred in overruling its motion for relief from a default judgment. As in the present case, the appellant had made several Civ.R. 60(B) arguments to the trial court. The First District Court of Appeals held that the trial court's failure to provide the seven-day notice required by Civ.R. 55(A) rendered the default judgment void as contrary to due process. Id. at ¶ 16; see, also, *Kingery's Black Run Ranch, Inc. v. Kellough* (Dec. 18, 2001), 4th Dist. No. 00CA2549, 2001 WL 1767382. "A void judgment is a nullity. It may be collaterally attacked at any time, and the party attacking the judgment need not meet the requirements of Civ.R. 60(B)." Id., citing *Van DeRyt v. Van DeRyt* (1966), 6 Ohio St.2d 31, 36, 35 O.O.2d 42, 215 N.E.2d 698; *Sampson v. Hooper Holmes, Inc.* (1993), 91 Ohio App.3d 538, 540, 632 N.E.2d 1338; *Fourth & Plum Apts. v. Tuzzolino* (June 23, 2000), 1st Dist. No. C–990568, 2000 WL 799379; see, also, *Patton v. Diemer* (1988), 35 Ohio St.3d 68, 518 N.E.2d 941. Therefore, without any Civ.R 60(B) analysis, the court reversed the default judgment and remanded the case for further proceedings.

{¶ 17} Likewise in our *Tillimon v. Rideout,* 6th Dist. No. L–02–1072, 2003-Ohio-308, 2003 WL 164801, the appellant appealed the trial court's denial of what

---

2. We note that to the extent that this misapplication of Civ.R. 55(A) merely alleges error on the part of the trial court, some courts have found that a timely direct appeal of the default judgment, rather than a Civ.R. 60(B) motion, would be the proper procedure. See *Miamisburg Motel v. Huntington Natl. Bank* (1993), 88 Ohio App.3d 117, 129, 623 N.E.2d 163. Generally, a Civ.R. 60(B)(5) motion for relief from judgment may not be used as a substitute for a timely direct appeal from the judgment challenged. Id., citing *Colley v. Bazell* (1980), 64 Ohio St.2d 243, 245, 18 O.O.3d 442, 416 N.E.2d 605. However, given the record in the present case demonstrating conflicting addresses for appellants for notice of the default judgment entry and under due process grounds, we recognize that appellants' Civ.R. 55(A) misapplication arguments could not have been presented in a timely direct appeal of the July 2000 default judgment. Thus, we consider the arguments under the instant appeal of the Civ.R. 60(B) denial. Contra *Miamisburg Motel,* 88 Ohio App.3d at 130, 623 N.E.2d 163.

was construed as a Civ.R. 60(B) motion to vacate a prior default judgment in an eviction action. The appellants had filed a motion for a continuance, thus "appearing" in the action. Without any Civ.R. 60(B) analysis, we held that since the trial court did not observe the Civ.R. 55(A) notice requirement before entering judgment against the appellant, the default judgment was improper and was reversed.

{¶ 18} In *Shear v. Fleck* (July 22, 1999), 8th Dist. No. 75928, 1999 WL 528204, the appellants appealed the trial court's denial of their motion to vacate a default judgment entered against them. In their assignment of error, the appellants cited the trial court's failure to provide the notice required by Civ.R. 55(A). Citing *Ohio Valley Radiology Assocs., Inc.,* 28 Ohio St.3d 118, 28 OBR 216, 502 N.E.2d 599, the court found that Civ.R. 55 was inapplicable because the appellants had answered the appellees' complaint. Further, the court found that the trial court had erred by not conducting an ex parte trial when the appellants failed to appear at two case-management conferences. Without any Civ.R. 60(B) analysis relative to a motion to vacate, the court concluded that the default judgment entered by the trial court must be reversed. See, also, *Natl. Check Bur., Inc. v. Priebe,* 8th Dist. No. 86350, 2005-Ohio-5564, 2005 WL 2699209.

{¶ 19} Likewise, in *Frangopolous v. Angelo,* 7th Dist. No. 97 CA 52, 1999 WL 260893, the appellant appealed the trial court's denial of her motion to vacate a default judgment. The appellant had filed an answer but failed to appear at the scheduled trial date. As in the present case, the trial court granted the appellee's oral motion for default judgment. A review of the trial court record revealed that it was devoid of any evidence or testimony as to the elements of the appellee's claim. Thus, the court concluded that the trial court could not be viewed as having held the proper ex parte proceedings pursuant to *Ohio Valley Radiology Assocs., Inc.,* supra. Therefore, without any Civ.R. 60(B) analysis, the court reversed the trial court's decision and remanded the matter for a trial on the merits of the appellee's complaint.

{¶ 20} At least one court in Ohio has held that failure to hold an ex parte trial when a defendant has appeared in a case is a violation of a defendant's due process rights. See *Pete's Auto Sales v. Conner* (Aug. 24, 2000), 8th Dist. No. 77014, 2000 WL 1222015. Likewise, we hold that the trial court's failure to hold an ex parte trial in compliance with *Ohio Valley Radiology Assocs., Inc.,* was a violation of due process and rendered the default judgment void. The trial court abused its discretion when it denied appellants' motion to vacate the default judgment. Further, pursuant to *Plant Equip., Tillimon, Shear,* and *Frangopolous,* the default judgment must be reversed and the case remanded for further proceedings. Appellants' first assignment of error is well taken.

{¶ 21} Pursuant to our disposition of the first assignment of error, appellants' second assignment of error is rendered moot. Accordingly we need not address it. See App.R. 12(A)(1)(c).

{¶ 22} The judgment of the Erie County Court of Common Pleas is reversed, and this case is remanded for further proceedings consistent with this decision and judgment entry. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.

Judgment reversed.

HANDWORK and SKOW, JJ., concur.