{¶ 27} I concur in the majority opinion but write separately to address the issue of the trial court's improper use of default judgment as a sanction for defendant's failure to appear at a pretrial hearing.
 {¶ 28} The trial court erred in granting the default judgment against appellant. This court has made it clear that it is reversible error for a trial court to render default judgment against a defendant once an answer has been filed and the case has been placed at issue. Reese v.Proppe (1981), 3 Ohio App.3d 103. Once a case is at issue, the plaintiff is required to present proof of both liability and damages before a judgment may be granted in its favor. "The very premise of our legal system is the proof of truth in order to justly resolve disputes." Id. at 107. Contrary to the trial court's Case Management Order of September 8, 2005 which states that, "[f]ailure *Page 10 
of the Defendant(s) to appear shall result in a default judgment being entered in the amount sought in the Complaint," and contrary to the trial court's actions in granting default judgment on the basis of that order, the Ohio Supreme Court has stated that once a party has answered, a default judgment cannot be rendered. Ohio Valley Radiology Assoc, Inc.v. Ohio Valley Hosp. Assn. (1986), 28 Ohio St.3d 118, 121-122. The proper action for the trial court is to proceed ex parte and to require plaintiff to present evidence in support of the claims. Dupal v.Daedlow (1989), 61 Ohio App.3d 46; Natl. Check Bureau, Inc. v.Phebe, Cuyahoga App. No. 86350, 2005-Ohio-5564.
 {¶ 29} This case was originally filed as a small claims complaint in which appellee claimed that, "Allstate had my vehicle towed to its salvage yard in Lorain with no authorization from or knowledge of plaintiff." In the "amount claimed" space on the form, appellee wrote $3,000, the maximum amount permitted in a small claims complaint. Both liability and the damage amount were disputed by appellant. The record is devoid of any proof from appellee of liability or damages. The trial court therefore lacked authority to grant judgment for appellee in the amount of $3,000.
 {¶ 30} However, as noted in the majority opinion, appellant failed to timely appeal the default judgment. Appellant likewise did not bring the trial court's error to the attention of the trial court in its Civ.R. 60(B) motion for relief from judgment. *Page 11 
 {¶ 31} I concur with the majority that appellant failed to demonstrate that the trial court abused its discretion in denying appellant's motion for relief from judgment. Therefore, the judgment of the trial court should be affirmed. *Page 1