OPINION
{¶ 1} Defendants-appellants, Mathew Baker (hereinafter "Baker") and Sontino and Lisa Williams (hereinafter collectively known as the "Williams"), appeal the judgment of the Union County Court of Common Pleas. For the reasons that follow, we reverse.
 {¶ 2} On March 9, 2007, plaintiff-appellee, CLN, LLC (hereinafter "CLN"), filed a complaint against Baker Carpentry and Customs Homes, Baker President; Williams; and Sky Financial Group. In the complaint, CLN, a subcontractor, alleged that it was due money for landscaping materials and services for the property owned by the Williams. Sky Financial Group was dismissed from the case on May 11, 2007. *Page 3 
 {¶ 3} On April 20, 2007, a motion for a process server to make personal service on the Williams was filed. The trial court granted the motion. Baker's receipt indicating that he received the complaint was filed on April 27, 2007. On May 30, 2007, Baker's counsel filed a "notice of appearance" and a "stipulation for leave to plead." In that notice, Baker stated that counsel for CLN and counsel for Baker had entered into a stipulation wherein Baker had until June 30, 2007 to file his answer and other responsive pleadings.
 {¶ 4} On May 31, 2007, the Williams filed their answer. In their answer, the Williams admitted that "they are the owners of property located at 30575 Phelps Road, West Mansfield, Union County, Ohio." (Answer 5/31/07, ¶ 2).
 {¶ 5} A scheduling conference notice, which set a scheduling conference for July 18, 2007, was filed on June 8, 2007. The notice listed the Williams address as "30575 Phelps Rd. West Mansfield, OH." The scheduling conference occurred on July 18, 2007; however, neither Baker's counsel nor his co-counsel came to the scheduling conference. (Tr. 10/3/07, 15-16).
 {¶ 6} The trial court filed a journal entry on July 18th, granting default judgment stating, "[j]udgment granted Plaintiff against Defendant Matthew Baker for $21[,]080.00 with interest at statutory rate from January 23[,] 2006 and costs of suit." The journal entry set the bench trial for October 3, 2007. The journal *Page 4 
entry also stated "copies to" and listed the Williams address as being in "Richwood, OH" rather than "West Mansfield, OH."
 {¶ 7} A notice of appealable order was sent to the parties. The Williams notice was sent to "30575 Phelps Road, Richwood, OH" rather than "30575 Phelps Road, West Mansfield, OH" and was returned to sender.
 {¶ 8} On August 10, 2007, CLN filed a notice of service of discovery requests on the Williams. However, the discovery requests were sent to the Williams at the Richwood address rather than the West Mansfield address. On August 29, 2007, Baker filed a motion to file a cross-claim instanter. The trial court denied the motion.
 {¶ 9} On October 3, 2007, CLN and Baker appeared; however, the Williams did not appear. (Tr. 10/3/07, 5). CLN requested a default judgment be entered against the Williams for failing to appear for the trial, and the trial court orally granted default against the Williams and requested CLN's counsel to submit an entry. (Id. at 5-6). The trial court filed an entry of default judgment against the Williams on October 4, 2007.
 {¶ 10} Also on October 3, 2007, Baker presented evidence on an oral Civ. R. 60(B) motion, which the trial court overruled. (Id. at 40). Further, that same day, Baker filed a written Civ. R. 60(B) motion. On October 4, 2007, the trial court filed a journal entry overruling the oral Civ. R. 60(B) motion, finding *Page 5 
that the written Civ. R. 60(B) motion was a motion for reconsideration of the oral motion, and overruling the written motion.
 {¶ 11} Baker appeals and asserts one assignment of error for our review. Williams also appeals and asserts one assignment of error.
 APPELLANT BAKER'S ASSIGNMENT OF ERROR NO. I The Trial Court erred to the prejudice of Appellant/Defendant Baker when it summarily entered Default Judgment against him other than on the merits and in overruling Baker's Motion to Vacate the Default Judgment. Said judgment being entered other than on the merits is a violation of Appellant's Due Process rights.
 {¶ 12} In Baker's sole assignment of error, he argues that he had met the requirements for a Civ. R. 60(B) motion in that: 1) he has defenses; 2.) his counsel indicated that it was a mistake on their part due to miscommunication that was unintentional and constituted excusable neglect; and 3.) the motion was timely.
 {¶ 13} Civ. R. 55(A) provides, in pertinent part:
 When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor; * * * If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application.
Emphasis added. The court may set aside a default judgment pursuant to Civ. R. 60(B). Civ. R. 55(B). *Page 6 
 [I]f a party against whom judgment by default is sought has appeared in the action, the party or his or her representative, if appearing by representative, must be served with written notice of the application for judgment at least seven days prior to the hearing on the application. Without the requisite notice and hearing required by the rule, a default judgment is void and is required to be vacated upon appeal.
63 Ohio Jurisprudence 3d Judgments (2008), Section 309, citations omitted.
 {¶ 14} Baker's attorneys had entered a notice of appearance, but Baker did not file an answer. (Doc. 26). "If a party or his representative has appeared as a matter of record in any manner, the notice and hearing required by Civ. R. 55(A) must be given that party before default judgment can be properly granted." Hartmann v. Ohio Crime VictimsReparations Fund (2001), 138 Ohio App.3d 235, 238, 741 N.E.2d 149, emphasis added, citations omitted. Accordingly, we find that Baker had appeared in the action.
 {¶ 15} Civ. R. 55 requires that notice of an application for default judgment shall be at least seven days prior to the hearing when the party has appeared in the action. Civ. R. 55; Bowersmith et al. v. UnitedParcel Serv., Inc., 166 Ohio App.3d 22, 2006-Ohio-1417, 848 N.E. 2d 919, ¶ 18. Since Baker appeared in the action, the clear language of Civ. R. 55 requires that he be given seven days notice prior to a hearing on the application for default judgment. Id. However, Baker was not provided any notice of the default judgment as required under Civ. R. 55. Moreover, even if CLN filed a "motion for default judgment", which is unclear *Page 7 
from the record before us, the trial court granted the default judgment on the same date that the motion would have been made. The trial court's "[f]ailure to provide the required notice under Civ. R. 55(A) deprives the court of its authority to enter default judgment and constitutes plain error." Scales v. George (June 29, 2000), 10th Dist. No. 99AP-1264, *2. As a result, the trial court erred in granting default judgment against Baker.
 {¶ 16} Baker's assignment of error is, therefore, sustained.
 APPELLANTS SONTINO AND LISA WILLIAMS ASSIGNMENT OF ERRORNO. I Appellants, Pro Se litigants Sontino and Lisa Williams, were denied Due Process when a default judgment was entered against them by the trial court after the trial court and other parties continued to send notification to the Williams' at an address that did not exist and an address that was not the Williams' declared address for purposes of notification despite the fact the Williams' made known their correct and true address in their Answer to the Complaint.
 {¶ 17} In their sole assignment of error, the Williams argue that they were denied due process when the trial court entered default judgment against them.
 {¶ 18} "A default judgment is a judgment entered against a defendant who has failed to timely plead in response to an affirmative pleading."Ohio Valley Radiology Associates, Inc. et al. v. Ohio Valley HospitalAssociation et al. (1986) 28 Ohio St.3d 118, 121, 502 N.E.2d 599, citingMcCabe v. Tom (1929), 35 Ohio App.73, 171 N.E. 868. "`[W]hen a case is at issue because a defendant has filed *Page 8 
an answer, there can be no default judgment.'" Skinner v. Leyland
(2006), 167 Ohio App.3d 226, 2006-Ohio-3186, 854 N.E.2d 573, ¶ 14, quoting Disciplinary Counsel v. Jackson (1998), 81 Ohio St.3d 308, 311,691 N.E.2d 262.
 The proper action for a court to take when a defending party who has pleaded fails to show for trial is to require the party seeking relief to proceed ex parte in the opponent's absence. Such a procedure, which requires affirmative proof of the essential elements of a claim, is diametrically opposed to the concept of default, which is based upon admission and therefore obviates the need for proof.
Ohio Valley Radiology, 28 Ohio St.3d at 122; Skinner, 2006-Ohio-3186, at ¶ 15. A trial court's failure to hold an ex parte trial, under these circumstances, constitutes "a violation of due process and render[s] the default judgment void." Skinner, 2006-Ohio-3186, at ¶ 20.
 {¶ 19} In the present case, the trial court granted default judgment against the Williams. (Tr. 10/3/07 at 6, Entry 10/4/07). Since the Williams filed an answer to the complaint on May 31, 2007, the trial court could not enter default judgment against them. Skinner,2006-Ohio-3186 at ¶ 14. Instead, the trial court should have held an ex parte trial. Id. at ¶ 20.
 {¶ 20} Accordingly, the Williams' sole assignment of error is sustained.
 {¶ 21} Having found error prejudicial to both appellants Baker and Williams herein, in the particulars assigned and argued, we reverse the judgment *Page 9 
of the trial court and remand the matter for further proceedings consistent with this opinion.
Judgment Reversed and Cause Remanded.
 SHAW, P.J. and ROGERS, J., concur. *Page 1